UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO McKINNEY,

        Petitioner,

v.                                        Case No.  8:07-cv-700-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

This cause is before the Court on Petitioner McKinney's 28 U.S.C. § 2254 petition for writ of habeas corpus.  McKinney challenges his conviction and sentence for carrying a concealed firearm arising from charges filed in the Circuit Court for the Thirteen Judicial Circuit, Hillsborough County, Florida.

PROCEDURAL HISTORY

On February 13, 2002, the State filed an Information charging McKinney with carrying a concealed firearm in violation of §790.01 of the Florida Statutes. (Exh 15: R 9-11).[1] On December 19, 2002, before the Honorable Chet A. Tharpe, Circuit Judge, McKinney entered a negotiated guilty plea to the charge of carrying a concealed firearm. (Exh 15: R 85-90). McKinney was represented by Assistant Public Defender Jack Crooks. Following acceptance of the plea, the court withheld adjudication of guilt

_____

[1] Respondent filed the one-volume record on appeal (consisting of original and supplemental volume combined) as Respondent's Exhibit 15.

and sentenced  McKinney to twenty-four months of probation, with 150 hours of community service. (Exh 15: R 19-21). Also on this date, the court entered its Order of Community Supervision, which imposed  upon McKinney the conditions for his probation. (Exh 15: R 22-25). Among the standard conditions imposed upon McKinney was Condition 5 which states "[y]ou will live and remain at liberty without violating the law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your community supervision." (Exh 15: R 23). The Order of Community Supervision also imposed special conditions requiring  McKinney to perform community service (Condition 27) and forfeit the firearm (Condition 31). (Exh 15: R 24-25).

On July 27, 2003, McKinney was arrested for driving while his license was suspended, cancelled or revoked; obstructing or opposing an officer without violence; and for aggravated battery with a deadly weapon related to an incident that took place on January 6, 2003, in which McKinney stabbed Mark O'Neal. (Exh 14 Vol. 1: R 26-27). An Affidavit of Violation of Probation was filed with the court on August 13, 2003, which alleged McKinney had committed two violations of Condition 5 of the Order of Community Supervision for the incidents resulting in his July 27th arrest, as well as for violations of conditions 2, 27, 37, 38, 39, 40, 41, 45, 47, and 48. (Exh 15: R 28-29).

A hearing to consider McKinney's violation of probation was held before Judge Tharpe on October 23, 2003. (Exh 15: R 55-82).  At the hearing, Officer Damien Lindsay of the Tampa Police Department testified that on January 6, 2003, he responded to a call at 1029 India Street regarding a stabbing. (Exh 15: R 62). When

he arrived at the scene, Officer Lindsay spoke with the victim, Mark O'Neal. (Exh 15: R 63). Mr. O'Neal identified McKinney as the person who stabbed him. (Exh 15: R 63). Officer Lindsay testified that he did not arrest McKinney at the time but put out a pick-up order for him. (Exh 15: R 63). Finally, Officer Lindsay stated that he did in fact see the stab wound on Mr. O'Neal, which was located on the upper left side of his abdomen, "right below his chest but right above his stomach." (Exh 15: R 63).

Mark O'Neal also testified and identified McKinney as the person who stabbed him. (Exh 15: R 11-12). Mr. O'Neal stated he was helping a friend retrieve his bicycle and put the bicycle in the friend's house when he heard his girlfriend talking to someone outside. (Exh 15: R 66). Mr. O'Neal turned and saw McKinney push his girlfriend to the ground and then come across the street to where Mr. O'Neal was standing. (Exh 15: R 67). Mr. O'Neal could see McKinney had something shiny in his hand that he believed was a weapon and which he identified as a knife once McKinney was closer to him. (Exh 15: R 67-68). Mr. O'Neal stated he asked McKinney to return some of his belongings to him that he believed McKinney had, to which McKinney replied, "I got something for you" and then stabbed him. (Exh 15: R 69). McKinney attempted to stab Mr. O'Neal a second time but Mr. O'Neal was able to evade him. McKinney then ran into his apartment. (Exh 15: R 69). Shortly after the stabbing, the police arrived at the scene. (Exh 15: R 70).

McKinney also testified at the revocation hearing and stated on the night in question, he had just arrived home to his apartment after visiting with friends. While he was standing on the porch to his home, he saw Mr. O'Neal. McKinney stated Mr.

O'Neal came up to him in an aggressive manner and began asking him about a jacket. McKinney denied having the jacket and stated that he and Mr. O'Neal kept exchanging words and then they "got into an altercation." (Exh 15: R 77). McKinney denied having a knife during the altercation. (Exh 15: R 78). At the conclusion of the testimony, and after hearing argument from McKinney's counsel, the court made the following oral findings:

> I've had the opportunity to observe the demeanor of the witnesses and to listen to their answers to the questions that have been posed to them and their responses to those questions. I'm going to find that Mr. O'Neal's testimony is credible, that, in fact, Mr. McKinney stabbed Mr. O'Neal on January the 6th. He violated the terms and conditions of his probation, the Condition Five. It's a willful, and substantial violation. I'm going to revoke and I'm going to adjudicate.

(Exh 15: R 81). As a result of the court's finding that McKinney had violated Condition 5 of the terms of his probation, the court sentenced McKinney to sixty months in Florida State Prison. (Exh 15: R 82).

Rule 3.800(b) Motion for Reduction or Modification of Sentence

On December 3, 2003, McKinney filed a Motion for Reduction or Modification of Sentence pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure. (Exh 15: R 47). The sole basis for McKinney's motion was that he "was not sentenced [to] the original sentence imposed before being placed on probation." McKinney raised no other issues in his Rule 3.800(b) motion. The court denied McKinney's Rule 3.800(b) motion by order dated January 22, 2004. (Exh 15: R 48-49).

Direct Appeal

McKinney pursued a direct appeal. Craig J. Trocino, the Assistant Public Defender assigned to represent McKinney on appeal, filed an initial brief (Exhibit 1) raising two issues:

### Issue I

THE TRIAL COURT'S WRITTEN ORDER REVOKING MR. MCKINNEY'S PROBATION MUST BE REVERSED, BECAUSE IT DOES NOT CONFORM WITH THE TRIAL COURT'S ORAL PRONOUNCEMENTS MADE AT THE CONCLUSION OF THE EVIDENTIARY HEARING.

### Issue II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT MR. MCKINNEY HAD VIOLATED HIS PROBATION BY COMMITTING ANOTHER OFFENSE WHERE THERE WAS INSUFFICIENT EVIDENCE ESTABLISHING THAT OFFENSE HAD BEEN COMMITTED.

The State filed its answer brief. (Exhibit 2). On July 29, 2005, in Case No. 2D04-267 the Second District Court of Appeal filed a per curiam unwritten opinion affirming the revocation of McKinney's probation and the judgment and sentence. (Exhibit 3). *McKinney v. State*, 908 So. 2d 1069 (Fla. 2d DCA 2005)[Table]. The mandate issued on August 24, 2005. (Exhibit 4).

### Motion for Jail Time Credit

Respondent states that, on February 4, 2005, while the direct appeal was still pending, McKinney filed a letter in the trial court which the court construed as a Motion for Jail Time Credit filed pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure.  A copy of the letter is not in the record. On May 17, 2005, the court dismissed the construed motion due to lack of jurisdiction. (Exhibit 5).

### Rule 3.850 Motion for Postconviction Relief

-5-

On December 18, 2005, McKinney filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure raising twelve allegations of ineffective assistance of trial counsel, (Exhibit 6). On December 25, 2005, McKinney filed an addendum to the Rule 3.850 motion adding a thirteenth claim of ineffective assistance of counsel. (Exhibit 7). On February 10, 2006, Judge Tharpe issued an order summarily denying relief. (Exhibit 8). McKinney did not appeal the adverse ruling.          Petition for Writ of Habeas Corpus

Respondent states that on June 5, 2006, McKinney filed a petition for writ of habeas corpus in the Florida Supreme Court in Case No. SC06-1121. A copy of the petition is not in the record.   On July 12, 2006, the Florida Supreme Court issued an order transferring the case to the trial court for consideration of the petition as a motion for postconviction relief filed pursuant to either Florida Rule of Criminal Procedure 3.850 or 3.800. (Exhibit 10).

Second Rule 3.850 Motion for Postconviction Relief

On April 3, 2006, McKinney filed a second Rule 3.850 motion for postconviction relief raising five grounds for relief. (Exhibit 11). On March 20, 2007, the trial court issued an order summarily denying the claims in the Rule 3.850 motion as well as the petition for writ of habeas corpus and several addendums to both pleadings. (Exhibit 12). On March 18, 2007, McKinney wrote a letter to the clerk of the circuit court, citing case law and requesting that it be considered along with his case. (Exhibit 13). However, according to the circuit court clerk's docket, and assertions in the § 2254

petition, McKinney did not file a timely appeal of the trial court's March 20, 2007, order denying postconviction relief. (Exhibit 14).

### III. THE PRESENT PETITION

McKinney signed the § 2254 petition on April 18, 2007. The petition contains four grounds for relief:

**Ground One:** Petitioner was denied equal protection of the law under the 14th Amendment by being denied the right to defend himself at home, and to be secure in his own home.

**Ground Two:** Petitioner was denied equal protection of the law under the 14th Amendment where he was convicted on the basis of hearsay which lacked credibility.

**Ground Three:** Petitioner's probation was revoked on the basis of perjured testimony in violation of the 14th Amendment.

**Ground Four:** The trial court imposed an illegal departure sentence upon revocation of probation, violating Petitioner's 14th Amendment rights.

### STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent.

– 7 –

*Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

DISCUSSION

GROUNDS ONE AND TWO

In Ground One, McKinney alleges he was denied equal protection of the law under the 14th Amendment by being denied the right to defend himself at home, and to be secure in his own home. In Ground Two, McKinney claims he was denied equal protection of the law under the 14th Amendment where probation was revoked on the basis of hearsay which lacked credibility.

First, despite his framing of the issues in the § 2254 petition, McKinney fails to raise federal constitutional claims. Even if the errors alleged to have occurred during his state revocation proceeding constituted violations of due process under the United States Constitution, such constitutional arguments were not fairly presented to the state court and are procedurally barred. In the initial brief filed by McKinney's attorney in the direct appeal, only state statutory and case law were cited, with no mention of a violation of McKinney's federal constitutional rights. Even if state law bears some relation to federal constitutional requirements, *Luton v. Grandison*, 44 F.3d 626, 628 (8th Cir.1994), *cert. denied*, 115 S. Ct. 1262 (1995), the presentation of the claim in state law terms is insufficient to support a finding that the state courts have had a fair opportunity to address the constitutional claim. *Duncan v. Henry*, 513 U.S. 364

(1995)(if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court).

Moreover, McKinney does not make out the required showing under the AEDPA. To satisfy the constitutional requirement of due process in a revocation of probation proceeding, the defendant must be afforded: "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)) (bracketed material inserted by *Gagnon* Court). In this case, the minimum requirements for due process were satisfied, and McKinney does not argue otherwise.

Rather, on appeal, McKinney contended the trial court's revocation of his probation should be reversed because the evidence presented at the revocation hearing was insufficient to establish he willfully and substantially violated the terms of his probation. In *State v. Carter*, 835 So.2d 259, 262 (Fla. 2002), the Florida Supreme Court stated the "trial court has broad discretion to determine whether there has been

a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence." In addressing the appellate court's role in probation revocation matters, the Court went on to state:

> On appeal from the trial court's decision on the issue [of revoking probation], the standard of review is abuse of discretion. That is, the appellate court must determine whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner in determining that [appellant's] violation was both willful and substantial.

Id. at 262.

In the instant case, McKinney was found to have violated Condition 5 of his order of community supervision for stabbing Mr. O'Neal. Condition 5 is a standard condition of probation and states: "You will live and remain at liberty without violating the law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your community supervision." (Exh 15: R 22).

The trial court heard the testimony of three witnesses with regard to the incident in which McKinney stabbed Mr. O'Neal. To begin with, the court heard the testimony of Officer Lindsay, who stated he was the officer dispatched to investigate the stabbing on the night of January 6, 2003. Officer Lindsay further testified that Mr. O'Neal showed him the stab wound and identified McKinney as the assailant. The court also heard the testimony of Mr. O'Neal, the victim, who unequivocally identified McKinney as the person who stabbed him. Mr. O'Neal testified that on the night of January 6, 2003, and during the course of assisting a friend with a bicycle, the McKinney pushed Mr. O'Neal's girlfriend to the ground and then approached him carrying a knife. When Mr. O'Neal asked McKinney to return certain property of his he believed McKinney had,

McKinney replied "I got something for you" and stabbed him. Finally, the McKinney himself testified to the events of January 6, 2003. McKinney acknowledged on that night he had in fact been involved in an altercation with Mr. O'Neal. The only areas where McKinney's testimony materially differed from Mr. O'Neal's is that McKinney claimed it was Mr. O'Neal who first approached him in an aggressive manner and McKinney denied having a knife during the altercation.

After hearing all of the evidence related to McKinney's violation of Condition 5, the trial court concluded that Mr. O'Neal's testimony was the more credible evidence and that the State proved, by a greater weight of the evidence, that McKinney had willfully and substantially violated this condition of his probation by stabbing Mr. O'Neal. McKinney's constitutional due process rights were not violated in the probation revocation proceeding, and the trial court's decision to revoke probation was neither contrary to, nor an unreasonable application of, United States Supreme Court precedent. Therefore, Grounds One and Two do not warrant relief.

GROUNDS THREE AND FOUR

In Ground Three, McKinney complains his probation was revoked on the basis of perjured testimony in violation of the 14th Amendment and, in Ground Four, he alleges the trial court imposed an illegal departure sentence upon revocation of probation, violating Petitioner's 14th Amendment rights. McKinney admits in the federal habeas petition that he did not present these issues on direct appeal. (See § 2254 petition at pp. 12 & 14). He alleges he raised these two claims in the petition for writ of habeas filed in the Florida Supreme Court, which was transferred to the trial court to

consider the petition as a Rule 3.850 or Rule 3.800 motion. (Id.) However, McKinney also admits he did not appeal the court's March 19, 2007, order denying the motions for postconviction relief. (Id.) A review of the circuit court's docket sheet confirms that no timely appeal was taken.

Consequently, Grounds Three and Four are unexhausted and procedurally barred. Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners 'federal rights'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust the claims raised in the state habeas petition/motion for postconviction relief, McKinney was required to appeal the trial court's order denying relief. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal of its denial" (citation omitted)).

A petitioner's claims or portions of claims which are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give

McKinney the opportunity to exhaust Grounds Three and Four because they could have and should have been pursued in a timely postconviction appeal. Assuming, arguendo, McKinney presents issues of federal constitutional magnitude in these two grounds of the federal petition, he failed to present properly his constitutional claims to the state courts. The grounds have not been exhausted and are now procedurally barred.

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

McKinney cannot demonstrate cause and prejudice or a fundamental miscarriage of justice in his case. Consequently, Grounds Three and Four are not appropriately before this Court and do not warrant relief.

Accordingly, the Court orders:

1. That McKinney's petition is denied.  The Clerk is directed to enter judgment against McKinney and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement

to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). McKinney has not made the requisite showing in these circumstances.

Finally, because McKinney is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 18, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Antonio McKinney

- 14 -